JOAN B. TUCKER FIFE (SBN: 144572)
jfife@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Telephone:	(415) 591-1000
Facsimile:	(415) 591-1400

EMILIE C. WOODHEAD (SBN: 240464)
ewoodhead@winston.com
WINSTON & STRAWN LLP
333 S. Grand Avenue, 38th Floor
Los Angeles, CA 90071-1543
Telephone:	(213) 615-1700
Facsimile:	(213) 615-1750

Attorneys for Defendant
US FOODS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO CUELLAR-RAMIREZ, on behalf of himself, all others similarly situated, and on behalf of the general public,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>US FOODS, INC. dba U.S. FOODSERVICE, INC.; and DOES 1-100 inclusive,<br><br>　　　　　Defendants. | Case No.<br><br>**(Alameda County Superior Court Case No. RG15770766)**<br><br>**DEFENDANT US FOODS, INC.'S REMOVAL OF CIVIL ACTION TO FEDERAL COURT** |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. Section 1331, Defendant US Foods, Inc. ("Defendant") hereby removes the above-captioned matter from the Superior Court of the State of California in and for the County of Alameda, to this Court.  In support of its request, Defendant states as follows:

## I. INTRODUCTION

1. This case is hereby removed from the state court to federal court because this court has original jurisdiction over this action pursuant to 28 U.S.C. Sections 1441(c) and 1446. This notice is based upon the original jurisdiction of the United States District Court over the parties under 28 U.S.C. Section 1331 based upon the existence of federal question as stated below.

## II. VENUE

2. The action was filed in Superior Court for the State of California, County of Alameda. Venue therefore properly lies in the United State District Court for the Northern District of California pursuant to 28 U.S.C. Sections 84(c), 1391(a), and 1441(a).

## III. THE STATE COURT ACTION IN THIS CASE

3. On May 18, 2015, an action was commenced in the Superior Court for the State of California in and for the County of Alameda entitled *Ricardo Cuellar-Ramirez v. US Foods, Inc., et al.,* Case No. RG15770766. A true and correct copy of the Complaint is attached hereto as Exhibit A. The Complaint alleges claims on behalf of Plaintiff and a putative class for: (1) wage theft/time shaving and failure to pay overtime in violation of Cal. Labor Code Sections 510 and 1194; (2) failure to pay all compensation for time worked under Cal. Labor Code Sections 200, 221, 222, and 223; (3) failure to provide meal periods under Cal. Labor Code Sections 226.7 and 512; (4) failure to authorize and permit rest breaks under Cal. Labor Code Section 226.7; (5) failure to comply with itemized employee wage statements under Cal. Labor Code Sections 226, 1174, and 1175; (6) failure to timely pay wages due at termination/waiting time penalties under Cal. Labor Code Sections 201-203; (7) failure to reimburse under Cal. Labor Code Section 2802; and (8) violation of unfair competition law under Cal. Bus. & Prof. Code Section 17200 *et seq*.

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

4. Plaintiff attempts to assert these claims on behalf of himself and others defined as "[a]ll persons who are or have been employed by Defendant [US Foods, Inc.] in the State of California as hourly Non-Exempt Employees, drivers, truck drivers, delivery truck drivers, industrial truck workers, and/or any similar job designations and titles during the liability period of the relevant statute of limitations." (*See* Exhibit A, ¶ 50.)

5. Defendant filed a General Denial and affirmative defenses to the Complaint in the Superior Court of the State of California in and for the County of Alameda on July 15, 2015 and the parties filed a Stipulation to extend Defendant's time to respond to Plaintiff's Complaint on July 21, 2015. A true and correct copy of the General Denial is attached hereto as Exhibit B. A true and correct copy of the Stipulation is attached hereto as Exhibit C.

## IV.  JOINDER

6. Defendant is not aware of any other defendant having been served with a copy of the Complaint.

## V.  BASIS FOR FEDERAL JURISDICTION UNDER 28 U.S.C. § 1331

### A. Claims Are Preempted by the LMRA When Resolution of the Claims Depends on an Analysis of a Collective Bargaining Agreement.

7. This action is a civil action of which this court has original jurisdiction under 28 U.S.C. Section 1331, and is one which may be removed to this court by Defendant pursuant to the provisions of 28 U.S.C. Section 1441 in that the relief sought in the Complaint arises under and is preempted by Section 301 of the Labor Management Relations Act (29 U.S.C. § 185) ("LMRA").

8. Section 301 of the LMRA provides federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). ***"The preemptive force of section 301 is so powerful as to displace entirely*** any state claim based on a collective bargaining agreement, and ***any state claim whose outcome depends on analysis of the terms of the agreement."*** *Young v. Anthony's Fish Grottos, Inc*., 830 F.2d 993, 997 (9th Cir. 1987) (citations omitted) (emphasis added); *see also Ramirez v. Fox Television Station*, 998 F.2d 743, 748 (9th Cir. 1993) (the LMRA preempts a state law claim if the resolution of that claims depends upon the meaning of a collective bargaining agreement ("CBA")), quoting *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 305-06 (1988).

9. Although the "well-pleaded complaint rule" generally allows a plaintiff to avoid federal jurisdiction by relying exclusively on state law, there is also a well-recognized corollary to that rule: the complete preemption doctrine. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 386-387 (1987). Section 301 of the LMRA is a federal statute that can have complete preemptive force. *Avco v. Aero Lodge No. 735*, 390 U.S. 557, 558-562 (1968); *see also Buck v. Cemex, Inc.*, No. 1:13-cv-00701-LJO-MJS, 2013 WL 4648579, at *2 (E.D. Cal. Aug. 29, 2013). Therefore, it does not matter that Plaintiff's claims purportedly arise out of state law. Even if a right exists independently of a CBA, when resolution of a state-law claim is "substantially dependent on analysis of a collective-bargaining agreement," the claim is preempted by Section 301 of the LMRA. *Paige v. Henry J. Kaiser Co.*, 826 F.2d 857, 861 (9th Cir. 2001) (citing *Caterpillar, Inc.*, 482 U.S. at 394); *see also Hyles v. Mensing*, 849 F.2d 1213, 1215-1216 (9th Cir. 1988).

10. "Mere omission of reference to Section 301 in the complaint does not preclude federal subject matter jurisdiction." *Fristoe v. Reynolds Afetals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1990). Many LMRA 301 suits, in fact, do not assert breach of a collective bargaining agreement, but are preempted by section 301 because they *implicate* provisions of a collective bargaining agreement. *See Young*, 830 F.2d at 997 (holding that Plaintiff's "artfully pleaded" complaint which omitted reference to the CBA was preempted because it implicated provisions of the CBA). Therefore, it does not matter that Plaintiff has pled his claims to omit any reference to federal law and/or the CBA because preemption is determined by the substance of the claim, not its characterization in the complaint.

11. To determine whether Section 301 preempts Plaintiff's claims and those of the members of the representative group he seeks to represent, the court must inquire whether resolution of the state law claim requires the court to *construe* a provision of the CBA: "In sum, we hold that an application of state law is preempted by § 301 ...*only if such application requires the interpretation of a collective bargaining agreement.*" *Lingle*, 486 U.S. at 413 (emphasis added). If evaluation of a claim is intertwined with consideration of the terms of the labor contract, it is preempted and may be removed to federal court.

3

12. When determining whether resolution of a state claim requires interpretation of a collective bargaining agreement, the court must "examin[e] the terms of the agreement, the elements of the [claim] involved… and the facts which defendant may assert in defense." *Moreau v. San Diego Transit Corp.*, 210 Cal. App. 3d 614, 624 (1989), relying in part on *Hanks v. General Motors Corp.*, 859 F.2d 67, 70 (8th Cir. 1988) (Defendant's affirmative defenses must be considered in determining whether the collective bargaining agreement must be interpreted in order to resolve the state law claim).

### B. Plaintiff's Claims Require Analysis and Interpretation of Collective Bargaining Agreements.

13. Here, Plaintiff was employed by Defendant as a commercial motor vehicle delivery driver. (*See* Exhibit A, ¶ 30; Declaration of Sharon Taylor ("Taylor Decl.") ¶ 2.) As a commercial motor vehicle delivery driver for Defendant, Plaintiff was a union member of Teamsters Local 542. (Taylor Decl. ¶ 3.) At all times during his employment, his wages and working conditions were governed by the CBAs between US Foods, Inc., San Diego division, and Teamsters Local 542 , which include terms and conditions governing wages, meal periods, working conditions, grievances, and arbitrations. (Taylor Decl. ¶ 3, Exs. 1, 2.)

14. Plaintiff, on behalf of himself and the representative group, alleges claims under California Labor Code Sections 512(a) and 510, for failure to provide meal periods and overtime pay. (Exhibit A, ¶¶ 14-19, 24-25, 31-34, 93-100, 108-129.)

15. Under California Labor Code Section 512(e), California's statutory meal period requirement is *inapplicable* to certain categories of employees, including commercial drivers, if certain requirements are met. Cal. Labor Code §§ 512(f)(2). These requirements are:

(1) the employee is covered by a valid CBA; and

(2) the CBA expressly provides for the wages, hours of work, and working conditions of employees, and expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.

Thus, statutory meal period requirements are waivable statutory rights that can be modified by a collective bargaining agreement for certain employees, including commercial drivers. *See* Cal. Labor Code § 512(e).

16. Similarly, California Labor Code Section 514 exempts all categories of employees from California's overtime pay under California Labor Code Sections 510 and 511 where:

    (1)    the employee is covered by a valid CBA; and

    (2)    the CBA expressly provides for the wages, hours of work, and working conditions of employees, and if the CBA provides premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state minimum wage rate.

**C. Interpretation of the CBAs is Required to Determine Whether Plaintiff and The Representative Group Are Exempt From the General Statutory Meal Period and Overtime Requirements Under Labor Code Sections 512(e) and 514.**

17. Defendant contends that each of the requirements for the exemptions provided by Labor Code Sections 512(e) and 514 apply here. First, Plaintiff, and a group of the employees whom he seeks to represent are "commercial drivers" under the terms of their CBAs and Labor Code 512(f).[1] Second, the CBAs expressly provide provisions regarding Plaintiff's wages, hours of work, working conditions, premium rates for overtime hours worked, regular hourly rate of pay, and meal periods. (Taylor Decl. ¶ 3, Exs. 1, 2, Article 18, 27.) Further, the CBAs expressly provide for final and binding arbitration for all grievances, defined as a "complaint or dispute as to the interpretation or application of a specific provision of the CBA." (Taylor Decl. ¶ 3, Exs. 1, 2, Article 11.)

18. Plaintiff's state law meal period and overtime claims are substantially dependent upon analysis and interpretation of the Teamsters Local No. 542 CBAs, as the claim requires determination of whether the CBAs meet the elements set forth in the California Labor Code. *See* Cal. Labor Code §§512(e), 514. Plaintiff cannot avoid Section 301 preemption by artful pleading of a complaint that fails to reveal the existence of CBAs critical to his claims.

---

[1] A "commercial driver" is "an employee who operates a vehicle described in Section 260 or 462 of, or subdivision (b) of Section 15210 of the Vehicle Code." Cal. Labor Code § 512(g)(1). Section 260 defines a "commercial vehicle" as a "motor vehicle of the a type required to be registered under this code used or maintained for the transportation of persons for hire, compensation, or profit or designed, used, or maintained primarily for the transportation of property." Cal. Labor Code § 260. Section 15210 of the Vehicle Code further defines "commercial motor vehicle" as "any vehicle or combination of vehicles that requires a class A or class B license." Cal. Vehicle Code § 15210. Plaintiff admitted that during his employment with Defendant he "operated a vehicle used primarily for the transportation of property" and "drove a vehicle that required a class A license" and "had a class A license" during his employment. (Plaintiff's Responses to Requests for Admissions, Set One, Declaration of Emilie Woodhead ("Woodhead Decl.") ¶ 4, Ex. 3.) Therefore, Plaintiff is a "commercial driver" within the meaning of the Labor Code.

5

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

19. Thus, Plaintiff's state law meal period and overtime claims are "preempted" by Section 301 of the LMRA, and this matter is properly removable pursuant to 28 U.S.C. Section 1441. *See e.g., Coria v. Recology, Inc.,* 63 F. Supp. 3d 1093, 1097-1100 (N.D. Cal. 2014) (holding that meal period and overtime claims are preempted by the LMRA because they require an analysis of the CBA and the application of Labor Code § 512(e) and § 514 exemptions); *Buck v. Cemex, Inc.,* No. 1:13-cv-00701-JLO-MJS, 2013 WL 4648579, at *6-7 (E.D. Cal. Aug. 29, 2013) (concluding that the Labor Code § 512(e) exemption can be used as a basis for LMRA preemption, and that ambiguities as to whether the requirements of § 512(e) are satisfied must be resolved by consulting the CBA, thereby invoking LMRA preemption and federal question jurisdiction); *Gerardo Ayala v. Destination Shuttle Services LLC, et al.,* 2:13-cv-06141-GAF-PJW, Doc. No. 18 (C.D. Cal. November 1, 2013) (holding that "[b]ecause the Court concludes that the resolution of Plaintiff's meal period claim will require analysis and interpretation of the CBAs, Plaintiff's claim is preempted under § 301 of the LMRA and subject to this Court's jurisdiction.")

## VI. SUPPLEMENTAL JURISDICTION

20. To the extent that there are remaining claims for relief that do not arise under Section 301 or are not completely preempted by Section 301, these claims are within the supplemental jurisdiction of this Court under 29 U.S.C. Section 1367(a) in that they are so related to the Section 301 claims that they form part of the same case or controversy under Article III of the United States Constitution. In the alternative, any such other claims for relief are separate and independent claims which are properly removable to this Court pursuant to 28 U.S.C. Section 1441(c). Thus, this action is removable in its entirety.

## VII. COMPLIANCE WITH STATUTORY REQUIREMENTS

21. Pursuant to 28 U.S.C. Section 1446(a), Defendant has attached herewith an incorporated by reference the following documents, which are all process, pleadings, and/or orders served on Defendant up to the date of filing this Notice of Removal. The following documents are attached hereto and incorporated by reference: a true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit A; a true and correct copy of Plaintiff's September 30, 2015 Case Management Statement is attached hereto as Exhibit D; a true and correct copy of Plaintiff's

Winston & Strawn LLP
101 California Street
San Francisco, CA 94111-5802

1  December 2, 2015 Case Management Statement is attached hereto Exhibit E; and a true and correct

2  copy of Plaintiff's December 30, 2015 Case Management Statement is attached hereto as Exhibit F.

3    22.    In accordance with 28 U.S.C. Section 1446(b), this notice is timely filed with this

4  Court. Section 1446(b) provides that "if the case stated by the initial pleading is not removable, a

5  notice of removal may be filed within thirty days after receipt by the defendant, through service or

6  otherwise, of a copy of an amended pleading, motion, order *or other paper from which it may first*

7  *be ascertained that the case is one which is or has become removable*." 28 U.S.C. § 1446(b)

8  (emphasis added). Defendant sent Plaintiff's counsel a letter attaching the San Diego division's

9  CBAs on October 20, 2015. (Woodhead Decl. ¶ 2, Ex. 1.) On December 8, 2015, Plaintiff responded

10 to the Form Interrogatories – Employment Law, Set One, and said that his employment was subject

11 to those CBAs. (Plaintiff's Responses to Form Interrogatories - Employment Law, Set One,

12 Woodhead Decl. ¶ 3, Ex 2.) On December 18, 2015, Plaintiff verified his responses to the Form

13 Interrogatories – Employment Law, Set One. (Plaintiff's Responses to Form Interrogatories -

14 Employment Law, Set One, Woodhead Decl. ¶ 3, Ex 2.) US Foods, Inc. confirmed that Plaintiff was

15 subject to the CBAs during his employment. (Taylor Decl. ¶ 3.) Accordingly, this Notice is timely.

16   23.    As required by 28 U.S.C. Section 1446(d), Defendant will provide written notice of

17 the filing of this Notice of Removal to Plaintiff's counsel of record, and will promptly file a copy of

18 this Notice of Removal with the Clerk for the Superior Court of the State of California in and for the

19 County of Alameda.

20   WHEREFORE, Defendant requests that these proceedings, titled *Ricardo Cuellar-Ramirez v.*

21 *US Foods, Inc., et al.,* Case No. RG15770766, currently pending in the Superior Court of the State of

22 California in and for the County of Alameda, be removed to this Court.

Dated:  January 7, 2016                    WINSTON & STRAWN LLP


By:  */s/ Emilie C. Woodhead*
     Joan B. Tucker Fife
     Emilie C. Woodhead
     Attorneys for Defendant
     US FOODS, INC.